# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:

LAND RESOURCE, LLC, et al.,

        Debtors.

---

DANIEL D. DINUR,

        Appellant,

vs.

LEIGH R. MEININGER,
Chapter 7 Trustee,

        Appellee.

Case No. 6:12-cv-961-Orl-37

---

## ORDER

This cause is before the Court on the following:

1. Appellee's Motion for Appellate Attorney Fees and Costs as Damages for Appellant's Frivolous Appeal and Incorporated Memorandum of Law (Doc. 15), filed January 18, 2013;

2. Appellee's Notice of Filing Affidavit as to Attorney Fees and Costs (Doc. 18), filed February 13, 2013; and

3. Daniel D. Dinur's Objection to Trustee's Motion for Attorneys [sic] Fees and Costs and Joinder to Barrington H. Branch's Response to Affidavit as to Attorney Fees and Costs (Doc. 25), filed March 1, 2013.

Upon consideration, the Court hereby denies Appellee's motion for appellate attorney's fees and costs.

**BACKGROUND**

Appellant appealed (Doc. 1-1) two orders issued by the Bankruptcy Court: (1) an order granting in part and denying in part a motion to dismiss (Doc. 1-2); and (2) an order denying a motion to vacate the order on the motion to dismiss (Doc. 1-3). Appellee moved to dismiss the appeal, arguing, *inter alia*, that the appeal was taken from non-final orders without leave. (Doc. 9.) Appellant opposed. (Doc. 12.) The Court granted Appellee's motion to dismiss, finding that the appeal was taken from a non-final order and declining to find the interlocutory order appealable under 28 U.S.C. § 1292(b). (Doc. 14.) Appellee moved for appellate attorney's fees and costs,[1] arguing that Appellant's appeal was frivolous (Doc. 15), and filed an affidavit as to fees and costs incurred (Doc. 18). Appellant opposed. (Doc. 25.)

**STANDARDS**

Federal Rule of Bankruptcy Procedure 8020 provides:

> If a district court . . . determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

"Because the language of Rule 8020 is similar to Federal Rule of Appellate Procedure 38, courts apply cases interpreting Rule 38 in determining whether to grant sanctions under Rule 8020." *Steffen v. Berman*, No. 8:09-cv-1953-T-RAL, 2010 WL 2293235, at *1 (M.D. Fla. June 7, 2010) (citations omitted); *see also* Fed. R. Bankr. P. 8020

---

[1] This Order focuses primarily on Federal Rule of Bankruptcy Procedure 8020. Appellee moved for attorney's fees and costs under Federal Rules of Bankruptcy Procedure 8014 and 8020. Rule 8014 provides that "costs shall be taxed against the losing party on appeal." The advisory committee's note states that "all costs are taxed by the clerk of the bankruptcy court." Fed. R. Bankr. P. 8014 advisory committee's note. As such, the Court declines to grant costs pursuant to Rule 8014. Appellee may renew her motion for costs in the Bankruptcy Court.

advisory committee's note (noting that Rule 8020 "conform[s] to the language of Rule 38"). "Rule 38 sanctions have been imposed against appellants who raise clearly frivolous claims in the face of established law and clear facts." *Nettles v. City of Leesburg—Police Dep't*, 415 F. App'x 116, 123 (11th Cir. 2010) (citation and internal quotation marks omitted). "[A] claim is frivolous if it is utterly devoid of merit." *Id.* (citation and internal quotation marks omitted). Factors include "bad faith on the part of the appellant" and "whether appellant's argument: addresses the issues on appeal properly; fails to support the issues on appeal; fails to cite any authority; cites inapplicable authority; makes unsubstantiated factual assertions; makes bare legal conclusions; or, misrepresents the record." *In re Maloni*, 282 B.R. 727, 734 (1st Cir. BAP 2002) (citations omitted).

## DISCUSSION

Appellee argues that the appeal was frivolous because "[Appellant] filed the interlocutory appeal without any such right or permission" and "provided no valid or factual basis to support the appellate relief sought." (Doc. 15, pp. 5–6.) The Court is not persuaded by these arguments. Appellant's claim was not frivolous, and appellate attorney's fees and costs are not warranted in this case.

First, a district court may grant leave to appeal even if an appellant does not file a motion for leave to appeal. Fed. R. Bankr. P. 8003(c). Thus, any failure to seek "permission" to appeal was not fatal. Even though the orders from which Appellant appealed were not final, the Court still could have granted leave to appeal pursuant to the 28 U.S.C. § 1292(b) factors if the factors so warranted, *Laurent v. Kerkert*, 196 F. app'x 771, 772 (11th Cir. 2006), though ultimately the Court found that they did not.

3

Second, in his appellate brief, Appellant supported his appeal with copious case law and legal argument. (Doc. 5.) *Cf. In re Negosh*, No. 06-CV-5617(JS), 2007 WL 2445158, at *6 (E.D.N.Y. Aug. 22, 2007) (awarding sanctions where appeal was "totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence" (citation and internal quotation marks omitted)). Appellant also filed a substantive response to Appellee's motion to dismiss. (Doc. 12.)

Although the Court ultimately declined to exercise its discretion to take the appeal from the non-final orders, and dismissed Appellant's appeal, the Court does not find that Appellant's claim was utterly devoid of merit or objectively unreasonable. A district court has broad discretion in deciding whether and what sanctions to impose, and the Court finds that sanctions are not warranted in this case. As such, Appellee's motion for appellate attorney's fees and costs is due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Appellee's Motion for Appellate Attorney Fees and Costs as Damages for Appellant's Frivolous Appeal and Incorporated Memorandum of Law (Doc. 15) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 11, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record